Blade Mulla, Inc. *v.* Carlson, et al.

Argued November 1, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William C. Stillwagon,* for appellant.

*Thomas C. Ceraso,* with him *Scales, Shaw, Lyons & Ceraso,* for appellees.

OPINION BY JUDGE WILKINSON, December 26, 1972:

Appellant applied to the Hempfield Township Board of Supervisors for approval of its plans for a mobile home park. The application was left with the office designated by the Township Supervisors to receive such applications sometime before December 30, 1969. The plans had noted thereon the prior approval of the Division of Sanitation of the Pennsylvania Department of Health. After securing some additional information concerning contour lines, adjoining highways, and adjoining property owners, the plans were submitted to the Township Planning Commission. On February 2, 1969, the Township Planning Commission returned the plans "with instruction to present same to the governing body, with full explanation as to the disposition, as to the date received, and other data pertinent to the case." (Record at 40a)

The other "pertinent data" to which the Planning Commission undoubtedly referred were the effective dates of the Hempfield Township Mobile Home Park Ordinance, i.e., December 13, 1969, having been adopted December 8, 1969, and the effective date of the Hempfield Township Zoning Ordinance, i.e., January 5, 1970, having been adopted December 31, 1969, one day after appellant's application for approval of its plans was marked filed.

The Township Supervisors held a special meeting on February 6, 1970, to consider the appellant's application. A notice of the special meeting was posted on the main door of the building at least 24 hours before the meeting. This was in accordance with the custom of this Township when its supervisors call special meetings, and is in accordance with the law. Act of June 21, 1957, P. L. 392, Section 3, as amended, 65 P.S. 253. At this special meeting, with all supervisors present, by a vote of 3-2, the appellant's plans were approved. This

action was taken despite the fact that under the Zoning Ordinance adopted one day after this application was filed, effective five days later, this mobile home park will be located in an R-1 zone.

Appellees, adjoining property owners, presumably having no actual notice of the special meeting, did not appear. When they heard of the decision approving the plans and being refused a request to the supervisors that the matter be reconsidered, they appealed to the Court of Common Pleas. The appeal was based primarily on the fact that the special meeting was allegedly improperly called, and that the action taken was "arbitrary and capricious, contrary to the intent of the various ordinances of Hempfield Township and the laws of the Commonwealth of Pennsylvania." (Record at 5a) Appellant filed a Petition for Rule to Show Cause why the appeal should not be dismissed, alleging that it was taken under the Zoning Ordinance when the application was not made under and not acted upon under the Zoning Ordinance, and that the appellants there, appellees here, were not proper parties since they had not appeared before the supervisors and had not intervened.

On the merits, this case raises for the first time the question of whether a Township Board of Supervisors must decline an application submitted under a Mobile Home Park Ordinance when it has a zoning ordinance "pending" which is incompatible with the application. The lower court, relying on decisions of our Supreme Court and this Court, which hold that a pending ordinance would justify refusal (*See Mutzig v. Hatboro Board of Adjustment*, 440 Pa. 455, 269 A. 2d 694 (1970) ; *Lhormer v. Bowen*, 410 Pa. 508, 188 A. 2d 747 (1963) ; *Boron Oil Company v. Kimple*, 1 Pa. Commonwealth Ct. 55, 275 A. 2d 406 (1971), affirmed at 445 Pa. 327, 284 A. 2d 744 (1971), held that it was an

abuse of discretion for the Board to approve the application in view of the pending ordinances. None of these cases goes that far, nor do we.

However, it is not necessary for us to rule on the merits, since the appeal to the lower court should have been dismissed. The appellees here were not proper appellants there. This case is ruled squarely by *Dethlefson Appeal*, 434 Pa. 431, 254 A. 2d 6 (1969). The late Justice COHEN made it as clear as it can be made that an individual or individuals who do not appear before the Board must intervene under Section 1006 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L.     , No. 247, 53 P.S. 11006.

Accordingly, the decision of the court below is reversed and the action of the Board of Supervisors of Hempfield Township on February 6, 1970, approving the application, is reinstated.

————

CONCURRING OPINION BY JUDGE ROGERS:

On December 30, 1969, there were two ordinances here relevant on the books of Hempfield Township, Westmoreland County, a planning ordinance and a mobile home park ordinance. Under the latter, plans for mobile home parks were made subject to approval by the township supervisors. On December 30, 1969 the appellant filed, for approval under the mobile home park ordinance, plans for a mobile home park in the township. On December 31, 1969 the township supervisors enacted a zoning ordinance which, *inter alia,* prohibited the use of land for mobile home park purposes in the district in which the appellant's proposed park is located. The zoning ordinance became effective January 5, 1970. On February 6, 1970 the supervisors approved the appellant's plan as in compliance with its mobile home park ordinance. No application for approval of the park under the township's planning ordi-

nance was made, nor does it appear that such was necessary since that ordinance appears to be only a copy of certain provisions of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L.     , 53 P.S. §10101 et seq., authorizing governing bodies to adopt subdivision regulations.

I concur in the result in this case because the Pennsylvania Municipalities Planning Code, effective at the time this litigation was conducted, did indeed require that appeals from the governing body's action in approving or disapproving land development plans could only be taken by parties which had appeared before the governing body.  The appellees did not appear in any formal sense at hearings before the Hempfield Board of Supervisors when the approval of appellant's plan was under consideration by that body.

I do not concur in the implication of the majority's opinion that a municipal governing body or any agency of the municipality may approve a land use contrary to the provisions of its zoning ordinance where, as here, the application for such use was made during the pendency of the ordinance.  If the township supervisors intended by its approval of appellant's plan under its mobile home park ordinance to approve the *use* of appellant's property in this district contrary to its zoning ordinance, its action would be in my opinion discriminatory and unconstitutional.