Children's Aid Society *v.* Zoning Board of Adjustment. City of Philadelphia, Appellant.

Argued April 5, 1979, before Judges BLATT, DISALLE and MACPHAIL, sitting as a panel of three.

*Barbara R. Axelrod,* Assistant City Solicitor, with her *Sheldon L. Albert,* City Solicitor, and *James M. Penny, Jr.,* Deputy City Solicitor, for appellant.

*Peter M. Mattoon,* with him *Linda S. Martin,* and, of counsel, *Ballard, Spahr, Andrews & Ingersoll,* for appellee.

OPINION BY JUDGE BLATT, July 9, 1979:

The City of Philadelphia (city) appeals here from an order of the Court of Common Pleas of Philadelphia County which reversed a decision of the Zoning Board of Adjustment (Board). The Board had denied a use certificate to the appellees, the Children's Aid Society of Pennsylvania (Society).

The Society seeks to use a detached dwelling at 543 East Durham Street, Philadelphia as a residence for a family with six foster children. The property is located in an R-4 residential district where a single-family dwelling is a permitted use, but, because the individuals who will reside in the house do not constitute a family as that term is defined by applicable zoning ordinance,[1] the Society has asked for a use certificate as for a charitable institution. It applied for the certificate to the Philadelphia Department of Licenses and Inspections, where the matter was referred to the Zoning Board of Adjustment. A public hearing was held, and testimony was received from the Society and from several neighbors. The Board denied the application, finding that the Society had not

---

[1] "Family" is defined as "a person living independently; or a group of persons living as a single household unit using housekeeping facilities in common, but not to include more than three persons unrelated by blood, marriage or adoption." Section 14-102(4) of the Philadelphia Code.

met its burden of proof under Section 14-1803(1)(d) of the Philadelphia Zoning Ordinance.[2] The Board held that the grant of the certificate requested would overcrowd the land or create an undue concentration of population, would increase the danger of fire or otherwise endanger the public safety, would adversely affect or unduly burden public services and would adversely affect the public health, safety or general welfare and would not be in harmony with the spirit and purpose of the ordinance. The Society appealed this

[2] This section provides:

(1) The Zoning Board of Adjustment shall consider the following criteria in granting a Zoning Board of Adjustment Certificate under §14-1801(1)(d):

(a) that the grant of the Certificate will not substantially increase congestion in the public streets;

(b) that the grant of the Certificate will not increase the danger of fire or otherwise endanger the public safety;

(c) that the grant of the Certificate will not overcrowd the land or create an undue concentration of population;

(d) that the grant of the Certificate will not impair an adequate supply of light and air to adjacent property;

(e) that the grant of the Certificate will not adversely affect transportation or unduly burden water, sewer, school, park, or other public facilities;

(f) that the grant of the Certificates will not adversely affect the public health, safety or general welfare;

(g) that the grant of the Certificate will be in harmony with the spirit and purpose of this Title; and

(h) that the grant of the Certificate will not adversely affect in a substantial manner any area redevelopment plan approved by the City Council or the Comprehensive Plan for the City approved by the City Planning Commission.

(2) The applicant shall have the duty of presenting evidence relating to the criteria set forth herein.

determination to the Court of Common Pleas, which without taking additional evidence, sustained the appeal. The Court held that the Board had erred as a matter of law in concluding that the Society had failed to meet its burden of proof under the zoning ordinance. This appeal followed.

Our scope of review in a zoning case where the lower court takes no additional evidence is limited to a determination as to whether or not the zoning board abused its discretion or committed an error of law. *Meyers v. Board of Supervisors*, 38 Pa. Commonwealth Ct. 578, 394 A.2d 669 (1978).

The certificate which the Society seeks here is in the nature of a special exception providing for a use permitted by the zoning ordinance. It is generally granted unless, under the facts of the specific application, such use would prove injurious to the public interest as set forth in the ordinance. Conversely, the reason for refusal to permit a proposed use must bear a substantial relationship to the standards provided by the ordinance. *Archbishop O'Hara's Appeal*, 389 Pa. 35, 131 A.2d 587 (1957).

The Society argues that the record clearly indicates that the Society's proposed use of the property is virtually identical to that which would exist due to the permissible, normal use of the premises by a family with six children. It contends that the evidence plainly shows that the proposed use would have no greater effect upon the public health, safety, and welfare and other conditions identified in the zoning ordinance than that which would occur if a family with six children occupied the premises.[3] The Society claims in addition that it has established that the pro-

---

[3] The Society also advances several constitutional arguments pertaining to the different treatment afforded foster families as opposed to natural families. Because we have decided the case on other grounds it is not necessary to address the Society's other contentions.

posed use will not substantially increase traffic congestion; that the risk of fire and the dangers to the public safety will not be increased because the house will be in full compliance with the fire and safety code of the city; and that the schools and other public facilities in the area will easily accommodate the foster family just as they would any other family of six children. Our examination of the record leads us to agree.

The record reveals that those persons opposed to the grant of the certificate based their opposition on three basic grounds: (1) that the proposed use of the property would detract from the residential nature of the neighborhood and cause property values to decrease, (2) that the proposed use would result in an increase in traffic congestion and (3) that there were more suitable houses in the area which the Society could use. Such reasons for denial, however, are not legally sufficient. The uncontroverted evidence here shows that the house will be used as a residence for a family in a manner nearly identical to the uses now present in the neighborhood. We see nothing in the contemplated use of the premises which would depreciate or change the character of this neighborhood any more than would the introduction of another family of six children into the neighborhood. Furthermore, we believe that any increase in traffic caused by the existence of a home with two adults and six children will not be so great as to affect the safety and health of the community, even if the children are not related to one another or to the adults. *See Archbishop O'Hara's Appeal, supra.* Finally, our Supreme Court has explicitly held that the fact that there may be more suitable sites available to the person requesting a use certificate is clearly irrelevant. *See Archbishop O'Hara's Appeal, supra,* 389 Pa. at 56, 131 A. 2d at 597.

We agree, therefore, with the lower court that the Society has met its burden as required and that the offering of a normal environment for foster children is in harmony with the purpose of the zoning ordinance.

The order of the lower court is affirmed.

ORDER

AND Now, this 9th day of July, 1979, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.