In Re: Application of David C. and Pamela B. Wetherill. West Nantmeal Township, Appellant.

304

Argued April 6, 1979, before Judges Wilkinson, Jr., Blatt and MacPhail, sitting as a panel of three.

*Ronald C. Nagle*, with him *Buckley, Nagle & Mc-Guire*, for appellant.

*Patrick C. O'Donnell*, with him *John E. Good*, for appellees.

Opinion by Judge Blatt, August 31, 1979:

West Nantmeal Township (Township) appeals here from an order of the Court of Common Pleas of Chester County which held that the Township's zoning ordinance was unconstitutional.

The appellees, David and Pamela Wetherill, proposed curative amendments to the ordinance alleging that it was exclusionary (1) in its failure to provide for apartment buildings and (2) in that the minimum acre requirement for single homes was so high as to fail to provide for the Township's "fair share of anticipated regional housing requirements."

After hearings, the Board of Supervisors of the Township (Board) entered a report containing findings of fact and conclusions of law and determined

that the ordinance was not exclusionary nor unconstitutional and rejected the proposed amendments. The court below concluded that the Board's findings of fact were not supported by substantial evidence and reversed its decision. This appeal followed.

With respect to the exclusion of apartment buildings, the court found that, although the ordinance defined "apartment building," it failed to provide for any in any district. It rejected the Township's argument that an apartment was equivalent to a townhouse and could therefore be built in a townhouse district. It therefore concluded that there was a total ban on the use of land in the Township for apartments. Such a total exclusion the court below correctly held to be unconstitutional. *See Girsh Appeal*, 437 Pa. 237, 263 A.2d 395 (1970).

With respect to the 10-acre minimum lot size we must first note that minimum lot sizes are not unconstitutional per se. *See DeCaro v. Washington Township*, 21 Pa. Commonwealth Ct. 252, 344 A.2d 725 (1975). As our Supreme Court has said in *Concord Township Appeal*, 439 Pa. 466, 471, 268 A.2d 765, 767 (1970), "[A]bsent some extraordinary justification, a zoning ordinance with minimum lot sizes such as those in this case [two and three acre minimums] is completely unreasonable." In a more recent case, *Surrick v. Zoning Hearing Board*, 476 Pa. 182, 382 A. 2d 105 (1977), the Supreme Court laid down a series of tests for determining whether or not zoning regulations are exclusionary. "The initial inquiry must focus upon whether the community in question is a logical area for development and population growth. . . . The community's proximity to a large metropolis and the community's and region's projected population growth figures are factors which courts have considered in answering this inquiry." *Surrick, supra*, 476 Pa. at 192, 382 A.2d at 110.

Although we do not have projected population figures for the area, the lower court found evidence in the record to support a finding that the market demand for housing was generated by the proximity of the site to the Morgantown Interchange of the Pennsylvania Turnpike, the Downingtown Interchange of the Pennsylvania Turnpike and the boroughs of West Chester and Downingtown. In addition, we note that the area is approximately 18 miles from the City of Philadelphia, an obviously large metropolis. "Having determined that a particular community is in the path of urban-suburban growth, the present level of development within the particular community must be examined." (Footnote omitted.) *Surrick, supra,* 476 Pa. at 192, 382 A.2d at 110. At the time of the hearings, 554 of the Township's 8936 acres were being used for residential purposes, and most of the remaining land was cropland (5512 acres) or woodland (2626 acres). With the present zoning restrictions, single family homes on lots of an acre or less would be permissible in only 11% of the Township, yet fully 37% of the land available for single-family dwellings would require a minimum lot size of 10 acres for each. We believe, therefore, that the data amply supports the conclusion of the court below.

The final focus of *Surrick, supra,* of course, is to determine "whether the challenged zoning scheme effected an exclusionary result or, alternatively, whether there was evidence of a 'primary purpose' or exclusionary intent to zone out. . . . Our primary concern now is centered on the ordinance's exclusionary impact." *Surrick, supra,* 476 Pa. at 192-93, 382 A.2d at 110-11. With respect to the intent of the ordinance, the Board clearly stated that its intent was to preserve the best farmland available in the Township. In addition, the Board also cited as its reason for regulating high-density development, a lack of public wa-

ter, sewer or transportation facilities. These, however, are precisely the types of justification which the Supreme Court found untenable in *National Land and Investment Co. v. Easttown Township Board of Adjustment*, 419 Pa. 504, 215 A.2d 597 (1965). We will affirm the order of the court below.

ORDER

AND Now, this 31st day of August, 1979, the order of the Court of Common Pleas of Chester County in the above-captioned matter is affirmed.