Stewart F. Snyder et al., Appellants *v.* Railroad Borough et al., Appellees.

386

Argued September 10, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, BLATT, CRAIG, MACPHAIL and WILLIAMS, JR. Judge ROGERS did not participate.

*Edward B. Golla,* for appellants.

*Raymond L. Hovis, Stock and Leader,* for appellee, Railroad Borough.

*Gilbert G. Malone, Ports, Beers, Feldmann & Malone,* for appellees, Railroad Borough Planning Commission and Shrewsbury Township.

OPINION BY JUDGE WILLIAMS, JR., June 2, 1981:

The subject of this appeal is the validity of certain sections of the Railroad Borough Zoning Ordinance, which were challenged by the appellants herein, all of whom are members of the Snyder Family.

Appellants Snyder own a farm of approximately 120 acres in York County; one-third of that farm is situated in Railroad Borough. In April, 1977, the borough added several sections to its zoning ordinance,[1]

---

[1] The pertinent sections, added in 1977, which the Snyders are challenging are:

s.203.2 *Uses by Right:* The following principal uses are permitted by right in the RA zone:

1. Single-family dwelling on an approved lot in a minor residential land development (1 existing or proposed dwelling unit excluding the prime farmstead; see definition on page I-8) or on an individual lot the dimensions of which have not changed since April 4, 1977.
2. Farm Buildings
3. Crops, Pasture, Gardens
4. Dairy, Livestock, Poultry, Small Animals
5. Greenhouse, Nursery
6. Forestation and Wildlife Preserves

under which about two-thirds of the borough, including that portion in which the Snyder tract is located, was re-zoned either Rural Agricultural or Conservation.

In the Rural Agricultural section, only two dwellings per tract[2] are permitted as of right, and neither dwelling may be on a plot of less than one acre. In the Conservation district, the topography of which is primarily steeply sloped or flood plain, only two dwellings per tract are permitted as of right, and each must have a lot containing at least three acres.

Since appellants Snyder would like to have a multifamily and several single family dwellings on the

---

s.203.4 *Lot Area and Width:* Lot area and lot width consistent with the following dimensions shall be provided for each principal use hereafter established in this zone:

    Minimum Lot Area—1 acre (43,560 sq. ft.)

    Minimum Lot Width—175 feet

s.204.2 *Uses By Right:* The following principal uses are permitted by right of the Cv zone:

    1. Single-family dwelling on an approved lot in a minor residential land development (1 existing or proposed dwelling unit excluding the prime farmstead; see definition on page I-8) or on an individual lot the dimensions of which have not changed since April 4, 1977.

    2. Parks and other Recreation areas of a nonprofit nature

    3. Water supply works, flood control or watershed operation works, and fish and game hatcheries

    4. Forestation and Wildlife Preserves

s.204.4 *Lot Area and Width:* Lot area and lot width not less than the following dimensions shall be provided for each principal use hereafter established in this zone:

    Minimum Lot Area—3 acres

    Minimum Lot Width—250 feet.

[2] The word "tract" as used in this opinion is "an individual lot the dimensions of which have not changed since April 4, 1977" as that phrase is used in Section 203.2 and 204.2 of the Railroad Borough Zoning Ordinance.

farm, they filed a challenge to, and a curative amendment for, the new zoning provisions, under Section 1004 of The Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11004. At the hearings on the challenge, the Railroad Borough Council granted party status[3] to Shrewsbury Township[4] over a timely objection by counsel for the Snyders. Shrewsbury then participated in the hearings by its counsel, who also represented the other party protestant, the Railroad Borough Planning Commission.

The Snyders appealed the subsequent Borough Council dismissal of their challenge to the York County Court of Common Pleas, and filed preliminary objections to Shrewsbury's participation in the proceedings, which the court summarily dismissed. Without taking additional testimony, the court also dismissed the challenge, declaring that the findings of the Borough Council were supported by substantial evidence, and making a finding as to the availability of water and sewer.

## I

In their appeal of the lower court decision to this Court, the Snyders have alleged that, because Shrewsbury Township was not a "person aggrieved," it does not have standing to participate in a zoning challenge

---

[3] There is no provision in the MPC expressing the authority of council to permit discretionary appearances before it in such a hearing. Section 908(3) of the MPC, 53 P.S. §10908(3), grants such discretion to the zoning board. However, this action did not take place before the board. Section 609.1 of the MPC, 53 P.S. §10609.1, directs the governing body to conduct its hearing "in accordance with subsection (4) to (8) of section 908. . . ." leaving council without the guidance of §908(3).

[4] Shrewsbury Township borders Railroad Borough on three sides, almost completely surrounding it. Approximately two-thirds of appellants' 119½ acre farm is actually in Shrewsbury.

as a party protestant. This issue has not previously been addressed by our Court.

*Cablevision v. Zoning Hearing Board of Easton,* 13 Pa. Commonwealth Ct. 232, 320 A.2d 388 (1974), cited by appellants as controlling, is not on point, in that it involves the capacity of the owner of the tract contiguous to that in question, but not within the same municipality, to prosecute an appeal. The case before us differs in that Shrewsbury is not the appellant.

In *Cablevision* we defined "person aggrieved" as one who has a direct, immediate, pecuniary, and substantial interest in the decision of the zoning board, which interest will be adversely affected by the decision. In *Northampton Residents Association v. Northampton Township Board of Supervisors,* 14 Pa. Commonwealth Ct. 515, 322 A.2d 787 (1974), we further refined the concept by adding the requirement that a "person aggrieved" be "the owner of property in the community in question or . . . the authorized agent of any such owner." *Id.* at 521, 322 A.2d at 791. The *Blouch Zoning Ordinance Appeal,* 26 Pa. Commonwealth Ct. 147, 362 A.2d 1139 (1976), carved out an exception to those limitations by permitting the borough planning commission party status.[5]

Both the Railroad Borough Planning Commission and Shrewsbury Township were represented by the same attorney in the hearing before the Borough Council and the appeal to the common pleas court. The record clearly establishes that all evidence was presented on behalf of both parties protestant, and the said evidence accrued to the benefit or detriment

---

[5] The situation is analogous to that denoted in Pa. R.C.P. No. 235 and Pa. R.A.P. 521, which grant the Attorney General entitlement to participate as a party in actions challenging the constitutionality of a statute. Theoretically, no body is more familiar with the provisions of a zoning ordinance than the body who designed it, the planning commission.

of both, without distinguishment.[6] Under this theory, we do not reach the question of whether error was committed by the participation of Shrewsbury, since even if it could be construed as error, it would be harmless error, having no effect on the outcome of the case.

Neither party discusses this issue in terms of Shrewsbury Township's fifty percent interest in the sewage facilities plant adjacent to the Snyder property. Although the record is not extremely clear on the matter, it appears that Shrewsbury is a landowner in the Borough, whose interest would be financially affected, since appellant wants to hook his proposed development up to the sewage plant. Shrewsbury would thereby have standing to participate in the case as a party.

## II

The appellants' second allegation is that the lower court erred in upholding certain specified findings of the Railroad Borough Council. We find that contention to be, for the most part, without merit. Where, as here, the governing body has made findings upon which it has based a dismissal of the challenge, the court of common pleas reviews that decision to ascertain whether the council has abused its discretion or committed an error of law. *Robin Corporation v. Board of Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975). The court must further examine whether the findings made are supported by substantial evidence. MPC Section 1010, 53 P.S. §11010.

We have repeatedly stated that evidence is substantial if a reasonable man, acting in a reasonable fashion, could have utilized it in arriving at the per-

---

[6] For a similar situation involving parties plaintiff in a zoning matter, *see Borough of Cresskill v. Borough of Dumont,* 15 N.J. 238, 104 A.2d 441 (1954).

tinent decision. *Acitelli v. Westmont Hilltop School District,* 15 Pa. Commonwealth Ct. 214, 325 A.2d 490 (1974). Furthermore, there is a heavy burden on the landowner to prove the facial invalidity of the challenged borough zoning ordinance, since there is a presumption of constitutionality. *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975).

It is not within the parameters of the duty or the authority of the court to substitute its interpretation of the evidence for that made by the council. Assuming the record demonstrates the existence of substantial evidence, the court is bound by council findings which are the result of resolutions of credibility and conflicting testimony, rather than the result of a capricious disregard of evidence. *Accord, Haverford Township v. Zoning Hearing Board of Haverford Township,* 21 Pa. Commonwealth Ct. 207, 344 A.2d 758 (1975).

Appellants' unsubstantiated pronouncement that "[t]his was not a case where Council could elect to decide that some evidence was not credible" (Brief, p. 14) is an inaccurate statement of the law. It is well settled that the fact finder, in this case the Borough Council, does not capriciously disregard competent evidence by opting to believe the testimony of one witness over that of another. *Accord, Stauffer v. Jones Motor Company,* 54 Pa. Commonwealth Ct. 58, 419 A.2d 820 (1980). We will examine the allegedly unsubstantiated findings seriatim.

Appellants assert that the Borough Council erred in finding that the areas zoned for agricultural use are principally prime agricultural lands, and are intended to insure a supply of land for food production.[7] Al-

---

[7] Appellant immediately follows this allegation with the statement that "this was particularly erroneous as applied to the lands of Stewart Snyder," the commencement of one of several validity

though there was conflicting testimony on the latter contention, the record contains ample testimony upon which the Council could justifiably base such a finding, in the testimony of Mr. Munkittrick, operator and manager of the United States Department of Agriculture Soil Conservation Service for Pennsylvania, and that of Juanita Smith, a planner for the York County Planning Commission, as well as the Railroad Borough Comprehensive Plan.

Appellants contend that Council erred in determining that existing residential areas are sufficient, and that there is no need for a residential development, such as the Snyders want to construct, in the Borough. However, testimony and exhibits indicate that projections by the York County Planning Commission estimate that 33 new dwelling units would be needed in the borough by the year 2000. The present ordinance has zoned 88.09 predominently undeveloped acres Residential, and 21.72 acres Village Center;[8] single and multiple family housing is permitted in both zones. These areas have more than sufficient space for a number of units far exceeding that projected for the borough by the county planning commission.

Appellants assert error in the finding that agricultural lands have not been compromised, "at least with respect to the Snyder lands," (Brief, p. 23), again reverting to a validity variance argument. However, there is clear testimony in the record by a Mr. Soloman, an environmental planner who was previously

---

variance arguments in appellants' brief. Since this Court has a challenge and curative amendment proceeding before it, it has disregarded such discussions as being not relevant to this action.

[8] According to Section 205.1 of the zoning ordinance, the Village Center zone would "provide for the continued development of the existing commercial, industrial, residential, and public uses in the district."

employed by the York County Planning Commission, that in the Rural Agricultural area there are very good farms which are being farmed intensively, that the agricultural character of this zone has not been substantially compromised by development, and that this land is of superior agricultural quality.

Appellants next contend that the Borough Council abused its discretion in finding that the zoning ordinance was not enacted for the purpose of keeping outsiders away. The burden of surmounting the presumption of the validity of the alleged exclusionary ordinance remains upon the challenger when there is no proof of a total prohibition of a lawful use from the entire area of the borough. *Beaver Gasoline Co. v. Osbourne Borough,* 445 Pa. 571, 285 A.2d 501 (1971). The Snyders did not meet their burden of showing that the ordinance prohibits an otherwise lawful use. They argue only that the ordinance is exclusionary because in the section of the Borough in which *their* land is located, *they* cannot extensively subdivide.

Appellants have additionally alleged that the ordinance should have been deemed confiscatory, because of its adverse effect on land value, citing *Cleaver v. Board of Adjustment,* 414 Pa. 367, 372, 200 A.2d 408, 412 (1964), which states that "if the *effect* of the zoning law or regulation is to deprive a property owner of the lawful use of his property it amounts to a 'taking,' for which he must be justly compensated." (Emphasis in original.)

In the area zoned Conservation, appellants are permitted to subdivide a three-acre plot off the defined tract, upon which plot they may erect a single family dwelling. Other than that, they may not use their land by right for *any* profitable purpose whatsoever, be it agricultural, residential, commercial, or industrial.

One of the most frequently used determinants of whether a zoning ordinance constitutes a taking of private property without just compensation is the "diminution in value" test, which terms a property "taken" when it is rendered valueless or no longer useful in a reasonable manner. *Pennsylvania Coal Company v. Mahon,* 260 U.S. 393, 67 L.Ed. 322 (1922), *Cleaver, supra.* In applying this test to the ordinance presently before the Court, we find that the area zoned conservation has indeed been taken; Section 204.2 of the Railroad Borough Zoning Ordinance is confiscatory.[9]

However, as to the land within the Rural Agricultural zone, the record substantiates the finding of the Borough Council that the ordinance does not affect its value in the Borough.

Finally, appellants assign as error the finding of the lower court that the public sewage treatment which would be necessary for the proposed Snyder development is not presently available. Their contention is that the lower court had to ignore the relevant finding made by the *dissenting* Borough Council member in order to make such a determination. The majority did not make a finding pertinent to this issue.

During proceedings on a challenge and curative amendment, when the Borough Council decides, as it did here, that the ordinance is not invalid, the landowner or other aggrieved party may appeal that decision to the Common Pleas Court. The court may take additional evidence, and make further findings of fact, or, it may just review the record as made before the council. Section 1010 of the MPC, 53 P.S. §11010. However, "[i]f the governing body has made findings

---

[9] Compare the language in *Kopetzke v. County of San Mateo,* 396 F. Supp. 1004, 1009 (N.D. Cal. 1975) with the *Purpose* clause of Section 204.1 of the Railroad Borough Zoning Ordinance re: goals of preserving open space.

of fact and the court does not take additional evidence, then the court may not *disturb* the findings if they are supported by substantial evidence." (Emphasis added). *Ellick,* 17 Pa. Commonwealth Ct. at 412, 333 A.2d at 245.

In the instant case, the lower court did not disturb any findings, but added one, citing as its authority for so doing, *Hess v. Upper Oxford Township,* 17 Pa. Commonwealth Ct. 399, 402, 332 A.2d 836, 838 (1975), where this Court said, "[a]s Section 1010 precludes a remand to the governing body in validity challenges under Section 1004, we hold it to be the duty of the lower court to make appropriate findings of fact in order to enable meaningful review on appeal."

Since the borough council failed to make a finding concerning water and public sewage, and since the appellant contends that this issue is not only an appropriate one for a finding, but constitutes the essence of the council's disapproval of his curative amendment, it was clearly incumbent upon the lower court to make an appropriate finding of fact on this question. Had the lower court failed to so do, this Court would be required to remand the case to it for such a finding. The common pleas court did not exceed its scope of review by making an appropriate and necessary finding which did not disturb any made by Borough Council, and which is crucial to the review capabilities of this Court.

In reviewing the record, we find that public sewage treatment is indeed not presently available for a development on the Snyder tract; this would require legislative action by the Borough Council. *West Nantmeal Township Appeal,* 45 Pa. Commonwealth Ct. 303, 406 A.2d 827 (1979), cited by appellant in support of his argument that the lack of sewage treatment cannot justify the zoning in Railroad Borough, is inapposite, in that the landowner had established that there was

no area in that township in which the requested development would be permitted. He had proven the ordinance exclusionary.

Appellants Snyder have not met their initial burden; the record shows that one quarter of the borough is zoned for the type of housing they wish to construct. Their very personal argument is that *they* want it on *their* land, and therefore the Borough should hook up to the treatment plant. In those portions of the Borough which are zoned for residential development, that growth can be accomplished without public sewers.[10]

### III

For the first time in the proceedings in this case, appellants have raised before this Court the question of whether a municipality has the authority under the MPC to limit the number of subdivisions in a tract. We do not address this issue, since it was not previously raised. *Accord, Holmes v. Zoning Hearing Board of Kennett Township,* 39 Pa. Commonwealth Ct. 447, 396 A.2d 859 (1978).

### IV

Having determined that Section 204.2 of the Railroad Borough Zoning Ordinance is confiscatory, we now turn to the curative amendment proposed by the appellants, to determine the reasonableness thereof. If the Court orders the passage of that amendment as it reads,[11] the areas now zoned conservation will be-

---

[10] The possible obligation of the Borough to hook up to the sewage treatment plant if that were necessary to facilitate residential development in the areas zoned for it, is not under consideration at this time.

[11] The pertinent portions of the proposed amendment are:

Amend Section 204.2, *Uses of Right,* by deleting Section 204.2(1) and substituting therefor only the words: 'Section 204.2(1) Single-family dwelling'.

come available for single and multi-family dwellings, potentially housing an indeterminate and unrestricted number of families, limited only by lot size, which would vary with the availability of public sewer and/or water. We find this to be overbroad.

Therefore, following the directive of *Kaufman and Broad, Inc. v. Board of Supervisors of West Whiteland Township,* 20 Pa. Commonwealth Ct. 116, 340 A.2d 909 (1975), we reverse the order of the York County Court of Common Pleas insofar as it applies to Section 204.2, and remand the case to that court, to review the landowners' plans, subject to all reasonably adaptable ordinance provisions, within the limits prescribed by *Ellick, supra*:

_____

Amend Section 204.2, *Uses of Right,* by adding the words: 'Section 204.2(5) Multi-family dwelling'.

Amend Section 204.4, *Lot Area and Width,* by deleting 'Minimum Lot Area—3 acres, Minimum Lot Width—250 feet' and substituting therefor only the words:

|  | Public Water & Public Sewer | Public Water or Public Sewer | No Public Water or Public Sewer |
|---|---|---|---|
| 'Minimum Lot Area | 9,000 sq. ft. | 18,000 sq. ft. | 35,000 sq. ft. |
| Miminum (sic) Lot Width | 75 ft. | 100 ft. | 125 ft.' |

Amend Section 203.2, *Uses of Right,* be deleting Section 203.2(1) and substituting therefor only the words: 'Section 203.2(1) Single-family dwelling.'

Amend Section 203.2, *Uses of Right,* by adding the words: 'Section 203.2(7) Multi-family dwelling.'

Amend Section 203.4, Lot Area and Width, by deleting 'Minimum Lot Area—1 acre (43,560 sq. ft.), Minimum Lot Width—175 feet' and substituting therefor only the words:

|  | Public Water & Public Sewer | Public Water or Public Sewer | No Public Water or Public Sewer |
|---|---|---|---|
| 'Minimum Lot Area | 9,000 sq. ft. | 18,000 sq. ft. | 35,000 sq. ft. |
| Minimum Lot Width | 75 ft. | 100 ft. | 125 ft.' |

[I]t is not the responsibility of the courts of common pleas to modify or redesign landowners' plans, but rather only to rule upon what is presented to the court. We do not believe it would be proper for the court of common pleas to go beyond the record and formulate such reasonable zoning regulations as the court believes should be applicable. Rather we believe the function of the court is to pass upon the reasonableness of the restrictions present in the record, including both the restrictions contained in the landowner's plans and the restrictions present in the ordinance which are applicable to the same class of usage of construction. If the court finds that none of the restrictions present in the record are reasonable, then we believe the proper course would be to remand to the governing body for the formulation of reasonable restrictions, which would then be subject to review.

17 Pa. Commonwealth Ct. at 416, 333 A.2d at 247.

## ORDER

AND Now, the 2nd day of June, 1981, the Order of the Court of Common Pleas of York County in the above-captioned case is hereby affirmed insofar as it applies to the sections of the Railroad Borough Zoning Ordinance regulating the Rural Agricultural Zone, and is reversed insofar as it applies to the sections regulating the Conservation Zone.

The case is remanded to the Court of Common Pleas of York County with direction to review the plans and other materials submitted by the landowners relative to the Conservation Zone, approval of same to be subject to all reasonably adaptable provisions in the other sections of existing ordinance.

Judge WILKINSON, JR. did not participate in the decision in this case.