Appeal of Philadelphia Center for Developmental Services, Inc., From the Decision of the Zoning Hearing Board of the Township of Upper Moreland, Montgomery County, Pa. Upper Moreland Township, Appellant.

2

Argued April 4, 1983, before Judges BLATT, MAC-PHAIL and DOYLE, sitting as a panel of three.

*S. Gerald Corso,* for appellant.

*Michael J. O'Donoghue,* with him *Harris F. Goldich, Wisler, Pearlstine, Talone, Craig & Garrity,* for appellee.

OPINION BY JUDGE MACPHAIL, July 27, 1983:

The Township of Upper Moreland (Township) has appealed from an order of the Court of Common Pleas of Montgomery County which reversed a decision of the Township's Zoning Hearing Board (Board) to deny a special exception application filed by the Philadelphia Center for Developmental Services (Appellee).

Appellee, a non-profit corporation, currently leases a single family dwelling located in an R-3 residential district in the Township. Appellee filed a request for a special exception to allow occupancy of the building as a single family dwelling by not more than four unrelated individuals. Prior to the filing of its application Appellee had been using the dwelling as the permanent residence for three mentally retarded adult males and claims that this use, termed a Community Living Arrangement (CLA), falls within the following Township zoning ordinance definition of a "family":

> Any number of individuals living and cooking together as a single housekeeping unit, provided that not more then [sic] two (2) of such number are unrelated to all of the others by blood, marriage or legal adoption. *As a special exception, the Zoning Hearing Board may interpret the term "family" to apply to a group of individuals, not exceeding four (4), not related to each other by blood, marriage or legal adoption, living and cooking together as a single housekeeping unit.* Domestic servants shall be considered an adjunct to the term "family" (Emphasis added.)

As noted by the Board, the young adults currently residing in the subject dwelling require twenty-four

hour care which is provided by two staff persons during waking hours and one at night.

The Board conducted a public hearing on Appellee's application at which various neighboring residents testified in opposition to the grant of a special exception. Following the hearing the Board issued an opinion and order denying the application which, on appeal, was reversed by the court of common pleas. The record reflects that the court of common pleas heard oral argument but did not take any additional evidence.

Our scope of review, where the court of common pleas has taken no additional evidence, is to determine whether or not the zoning board abused its discretion or committed an error of law. *Children's Aid Society v. Zoning Board of Adjustment,* 44 Pa. Commonwealth Ct. 123, 402 A.2d 1162 (1979). We conclude that the Board has committed an error of law in the instant case.

As we have noted, the Board filed an opinion in support of its decision to deny the Appellee's special exception application. Unfortunately, the legal concepts applied by the Board to its factual findings are those utilized to review *variance* applications rather than the markedly different legal standards applicable to special exception requests.[1] After citing legal

---

[1] The distinction between a variance and a special exception has been described, in broad terms, as follows:

> An application for a variance . . . seeks permission to do something which is prohibited by the zoning ordinance. A variance is an overriding of the legislative judgment, justified by the existence of "unnecessary hardship". In contrast, an applicant for a special exception does not seek to "vary" the ordinance. The permission he seeks is one envisioned by the ordinance.

R. Ryan, Pennsylvania Zoning Law and Practice §5.1.5 (1981).

principles applicable in the area of variance law, the Board concluded that "the applicant has completely failed to meet the heavy burden of proving exceptional circumstances, that there was some special unique hardship imposed upon the subject property by strict enforcement of the zoning Ordinance". This ruling makes it clear that the Board based its decision entirely on variance grounds. The Board's action was clearly erroneous and requires that we reverse and remand.

We observe that the court of common pleas was aware of the Board's error in applying variance law but, instead of remanding or taking additional evidence itself, the court made further fact findings based on the record developed before the Board and determined that according to the law applicable to special exceptions Appellee's request should be granted. We think the court exceeded its scope of review in this regard.

Pursuant to Section 1010 of the Pennsylvania Muncipalities Planning Code (MPC),[2] the court of common pleas in the instant case could properly make its own fact findings only if the record did not include any findings of fact or if the court took additional evidence itself or through a referee.[3] As we have noted, the Board did make certain fact findings in this case,

---

[2] Act of July 31, 1968, P.L. 805, as amended, added by Section 19 of the Act of June 1, 1972, P.L. 333, 53 P.S. §11010.

[3] We observe that in cases involving curative amendment requests the common pleas court may add to the fact findings of the governing body without taking additional evidence itself. This is so because Section 1010 of the MPC precludes a remand to the governing body for additional proceedings, thus dictating that the common pleas court supply any crucial findings of fact which were not made by the governing body. See Snyder v. Railroad Borough, 59 Pa. Commonwealth Ct. 385, 430 A.2d 339 (1981).

6

although they were not sufficient to enable proper review of the special exception application. Despite the fact that the Board had, in part, performed its fact finding duties, the court, without taking additional evidence, entered its own fact findings based on the record developed before the Board. We think the court exceeded its review powers and that its opinion does not remedy the Board's error. We repeat that our scope of review here is to determine whether *the Board* abused its discretion or committed an error of law. *Children's Aid Society.*

The Township contends that the Board's error in citing variance principles was one of form rather than substance and that the Board's findings, in fact, support a denial of the special exception application. If the only error committed by the Board in the instant case was the erroneous use of the term "variance", we certainly would not elevate form over substance to invalidate the Board's order. *See Township of Falls Appeal,* 48 Pa. Commonwealth Ct. 392, 410 A.2d 93 (1980). It is clear, however, that the entire focus of the Board's decision in this case was misdirected and that several fact findings and conclusions pertinent to the special exception application were never addressed. We, accordingly, are convinced that a remand cannot be avoided.

In order to facilitate meaningful appellate review in the future we note the following general principles. Special exceptions are conditionally permitted uses which are legislatively determined to be consistent with the public interest if certain standards are met. *Bray v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980); R. Ryan, Pennsylvania Zoning Law and Practice §5.1.3 (1981). An applicant for a special exception has both the duty of persuading the zoning board that his proposal is in

compliance with all of the *objective* requirements of the ordinance. If the objective requirements are met, it then becomes the protestants' duty to present evidence and persuade the zoning board that the proposed use will either conflict with the *general* policy standards of the ordinance or will have a detrimental impact on the public health, safety and welfare. *Foster Grading Co. v. Venango Township Zoning Hearing Board,* 49 Pa. Commonwealth Ct. 1, 412 A.2d 647 (1980). Moreover, protestants must establish *to a high degree of probability* that the proposed use will substantially and detrimentally affect the public health, safety and welfare. *Copeechan Fish and Game Club v. Zoning Hearing Board of North Whitehall Township,* 32 Pa. Commonwealth Ct. 415, 378 A.2d 1303 (1977).

On remand the Board, or the court of common pleas if it decides to take additional evidence, should address, in particular, the issue of whether or not the CLA constitutes a "family" as that term is defined by the ordinance, *i.e.,* is the CLA a group of unrelated individuals, not exceeding four in number, which constitutes a single housekeeping unit? Attention should be given to the length of stay of the residents, whether the house will be used for the treatment of persons not actually residing there, whether the residents conduct their lives independently from one another and whether the Appellee has established that the residents live and eat together as a unit. *See Allied Services for the Handicapped, Inc. v. Zoning and Hearing Board of the City of Scranton,* 73 Pa. Commonwealth Ct. 558, 459 A.2d 60 (1983). Findings and conclusions should similarly be made regarding any other "objective" standards in the ordinance. Finally, if the objective standards have been met, it must be determined whether the objectors

have established to a high degree of probability that the use is against the best interests and welfare of the community or that it does not comport with general policy standards set forth in the ordinance.[4]

We, accordingly, will vacate and remand for further proceedings consistent with the foregoing opinion.

### ORDER

The order of the Court of Common Pleas of Montgomery County, dated March 3, 1982, is hereby vacated and remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

----

[4] The criteria for the Board to follow in considering special exception applications are set forth in Section 23.02 of the Upper Moreland Township Zoning Code.