## Saint Joseph's House for Homeless Industrious Boys Inc. v. Zoning Hearing Board of Bensalem Township

C.P. of Bucks County, no. 94-4248.

*Raymond McHugh,* for defendant.
*Stanton C. Kelton,* for plaintiff.

DEVLIN-SCOTT, *J.,* March 14, 1995—St. Joseph's House for Homeless Industrious Boys Inc., appellant, has appealed the decision of the Zoning Hearing Board of Bensalem Township denying their application for a permit to use a home located at 820 Cornwells Avenue, Bensalem Township, Bucks County, Pennsylvania, property, as a group home.

Appellant is a nonprofit corporation in the business of creating various residential treatment alternatives for dependent and neglected boys in need of placement. The appellant signed a contingent agreement of sale for the property, which is zoned R-2 Residential. The

appellant was planning to utilize the property as a group home for eight boys, from the age of 8 to 15 years. The initial application for a use permit was denied by the zoning officer. The stated reason was that pursuant to the Bensalem Township Zoning Ordinance, the intended use was not permitted in the R-2 district. The decision of the zoning officer was appealed to the board, along with a request for a variance and/or a special exception. The board held a hearing and testimony was taken on April 7, 1994. At the next meeting, on May 5, 1994, the board voted on the matter. On June 2, 1994, the board adopted findings of fact, conclusions of law and rendered a written decision denying the relief requested by appellant. Thereafter, appellant filed the instant appeal. Following a Rule 27 conference, it was determined that the matter was ready for decision.[1]

Section 504.1 sets forth the R-2 Use Regulations Permitted in the R-2 districts. They are:

"(1) Single-family detached dwellings;

"(2) Passenger shelter for railroad or bus;

"(3) Municipal building and municipal uses;

"(4) Telephone central office; transmission line, sub-station;

"(5) The following uses when authorized by the zoning hearing board as a special exception:

"(a) Private educational institution for general educational purposes, provided that such use shall not include uses which detract from the character of residential districts, as determined within the discretion of the zon-

---

1. Appellant also filed a mandamus action requesting that the necessary permits be issued pursuant to a violation of the 45 day rule as directed by the Pennsylvania Municipalities Planning Code found at Pa.C.S. 53 §10908(9). The mandamus action has been disposed of at the preliminary objections stage.

ing hearing board, and the lot area for such use shall not be less than three acres;

"(b) Lake or reservoir for water supply for non-commercial recreational purposes...."

Appellant's position is that the property is a single-family detached dwelling pursuant to use number one, and that they are, therefore, entitled to the permit as a matter of right.[2] They reach their position by way of examining the way in which the controlling ordinance at section 105 definitions defines a family:

"Any number of persons living and cooking together as a single housekeeping unit."

Appellants also look to *Appeal of Miller,* 511 Pa. 631, 515 A.2d 904, (1986) as case law authority for their position. In *Miller,* the appellant was notified by the local zoning official that she was in violation of the zoning ordinance and ordered her to stop taking boarders into her home. The zoning official was affirmed until the matter reached the Supreme Court. The Supreme Court concluded that the appellant's household fell within the pre-1978 zoning ordinance of family and that the appellant had established a lawful non-conforming use.

More importantly, the Supreme Court officially set forth a "functional analysis of family." The court found that the traditional notions of family that restricted the definition to persons related by blood, adoption or marriage did not adequately encompass many alternatives that exist in the real world. As a result they revised the meaning of family historically and determined that the concept of "single housekeeping unit" had taken

---

2. Appellants are seeking, alternatively, a special exception or a variance. It is not necessary for us to reach these issues, therefore, we are not addressing them.

the place of "family." An examination of case law using "single housekeeping unit" saw the focus shift from the respective relationships between the members of the unit to whether the unit functioned as a family. That is, did the members of the unit cook together and eat their meals together? Is there only one kitchen and do members generally take meals as a group at one sitting? Do all members of the group share in the activities of the house? And do the members of the group attend social and religious functions together? The mere fact that some members may have needs, either physical, social and emotional does not take the unit out of the concept of family. In fact, it is those needs, that may be met by the group that help define the unit as a functional family.

The decisions in Pennsylvania both before and after *Miller* reflect general conformity with *Miller.* In *Children's Aid Society v. Zoning Board of Adjustment,* 44 Pa. Commw. 123, 402 A.2d 1162 (1979), the society sought to use a single-family dwelling as a residence for a family of six foster children. Commonwealth Court permitted such use and the court in *Miller* cited *Society* as support for the functional analysis of family. The functional analysis of the proposed unit was utilized again in *Pennsylvania George Junior Republic v. Zoning Hearing Board of Coolspring Township,* 37 Pa. Commw. 151, 389 A.2d 261 (1978).

The result was different, however, in that the court determined that the unit functioned more like an institutional corrective setting than a family-type arrangement.

In this case, the premises will be occupied by a houseparent and the boys in residence. The houseparent is present 24 hours a day and the meals are prepared in the kitchen by the houseparent. Additionally, whenever possible, meals are eaten together.

The children attend local schools and participate in school activities. The boys are required to perform household chores. Weekend recreational activities, such as roller skating, movies or visiting malls, whenever possible, are done as a group.

With the exception of the houseparent's room and the kitchen, the boys have free access to the entire house. The characteristics of a functional family group are present.

Using *Miller* and the functional analysis of family, we must conclude that the appellant has met his burden and is entitled to the permit as a matter of right.

### ORDER

And now, March 14, 1995, accordingly, we reverse the decision of the zoning officer and the zoning hearing board and remand the matter to the zoning hearing board with the direction to proceed in accordance with this opinion.