H. Gregg Taylor and Lois Jean Taylor, his wife, Appellants *v*. Zoning Hearing Board of The Borough of Lincoln, Appellee.

Argued May 10, 1979, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Mord C. Taylor, Jr.,* with him *Nescott and Taylor,* for appellants.

*Stephen Israel,* for appellee.

OPINION BY JUDGE CRAIG, October 26, 1979:

In this zoning appeal, appellants, as objectors to the granting of a variance by the Lincoln Borough Zoning Hearing Board, ask us to reverse the order of the Allegheny County Court of Common Pleas which dismissed objectors' appeal; the dismissal order sustained preliminary objections which averred (1) a late filing of objectors' appeal in the court below and (2) objectors' failure to give notice of that appeal to the landowner recipient of the variance.

We reverse and remand.

The issue of the untimely filing of the zoning appeal in the court below arises from Section 1006 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11006, which provides, in subsection (3)(b) that zoning appeals to court are to be taken "by appeal filed within thirty days after notice of the decision is issued."

In *Zimmer v. Susquehanna County Planning Commission,* 14 Pa. Commonwealth Ct. 435, 322 A.2d 420 (1974), this court interpreted that section to conclude that a decision is "issued" when it is sent out, that is, mailed.

A variation on the theme arises from the facts of this case because, after the zoning hearing board decided to grant the variance, the board secretary addressed a notice to objectors and placed it in her rural mailbox on November 16, 1977, to be picked up by the postal carrier, according to the custom of rural private mailboxes. The envelope was postmarked November 25, 1977. Objectors' appeal was filed on December 23 of that year.

Applying *Zimmer*, we conclude that the filing of the appeal was timely because it was within thirty days of the postmark date which, in these circumstances, serve as the only workable indication of when the notice was sent out. To hold, as the appellee board seeks, that the appeal time started when the board secretary placed the notice in her own mailbox on November 16, with no evidence that the notice began its official mail journey any earlier than nine days thereafter, enlarges too much the semi-official status of a private rural mailbox. It is not reasonable, we believe, to say that the notice was sent out while it may have sat within the control, and on the property, of the sender.

Moreover, reliance on the postmark is judicially appropriate, not only because it is a timestamp affixed by a disinterested official agency, but because it is the normal indication to the recipient as to when the notice was sent. Although we have declined to consider the date of receipt as the time of issuance, we nevertheless recognize the usefulness of the aggrieved party knowing the point from which the appeal time must be reckoned, as conveyed by the postmark. In these circumstances, objectors had no way of knowing when the board secretary placed the letter in her mailbox.

From a conclusion that the appeal filing was timely, we turn to the question of objectors' undoubted failure to give any notice of the appeal to the landowner who received the variance, or to his son who represented him in the proceedings before the board.

Because the lower court's certiorari in a zoning appeal goes to the municipal agency and not to the landowner who is a party in interest, MPC §1008(3), 53 P.S. §11008(3), soundly requires the aggrieved party, within seven days after filing the zoning appeal in court, to serve a true copy of the zoning appeal notice by mailing it to the "landowner or his attorney."

The objectors' failure to serve any such notice is the basis for the lower court's dismissal of this appeal.

Review of whether or not the lower court erred as a matter of law turns upon the applicability here of *Northampton Residents Association v. Northampton Township Board of Supervisors,* 14 Pa. Commonwealth Ct. 515, 322 A.2d 787 (1974), where this court stated:

> Notice was clearly required, and the Association admittedly did not serve such notice. Where, however, the delay in serving notice is not of unreasonable length or where there is no prejudice shown to the property owner, we believe that failure to serve such notice within seven days should not, standing alone, be the basis for dismissing an appeal.

14 Pa. Commonwealth Ct. at 522, 322 A.2d at 791.

Here, as in *Northampton Residents, supra,* no notice was served. Here, as there, the record does not show any prejudice to the landowner; the landowner and his agent became aware of the proceedings soon enough to participate fully in the defense of the variance, and the record shows that the landowner made no commitments toward development of the use, other than some cleaning of the property by the landowner's son in person.

Therefore we conclude that the absence of notice was not fatal to this timely zoning appeal, and we reverse and remand for consideration of the merits.

### Order

And Now, this 26th day of October, 1979, the order of the Court of Common Pleas of Allegheny County dated April 25, 1978 is reversed and the record is remanded to that court for consideration of the merits of the zoning appeal.