545 A.2d 1002

Ernest Mihal et al., Appellants *v.* The Zoning Board of The City of Hazleton and Joseph Lombargo, Appellees.

Submitted on briefs April 21, 1988, to Judges DOYLE, BARRY and McGINLEY, sitting as a panel of three.

*Anthony P. Sidari, Bigelow, Gillespie & Cooper,* for appellants.

*Bart E. Ecker, Laputka, Bayless, Ecker & Cohn, P.C.,* for appellee, Joseph Lombargo.

*Thomas M. Marsilio,* for appellee, Zoning Board of City of Hazleton.

OPINION BY JUDGE McGINLEY, August 18, 1988:

Ernest Mihal and Helen Mihal, his wife; Thomas Mihal and Mary Ann Mihal, his wife; David Sirkot and Dorothy Sirkot, his wife; Charles Brogan and Catherine Brogan, his wife; Lillian Smith, Vera Oberman and Joseph Gombeda (Appellants) appeal an order of the Court of Common Pleas of Luzerne County, granting the Motion of Joseph Lombargo (Appellee) dismissing their appeal from the decision of the Zoning Hearing Board (Board) of the City of Hazleton. We vacate the order of the trial court and remand.

Initially, after conducting a public hearing on July 24, 1986, the Board granted the requests of Appellee Lombargo for five variances which were necessary for the issuance of a Zoning Permit to permit the construction of a residential garage on a lot not abutting the Appellee's residence. The Board approved (1) a front yard variance; (2) a side yard variance; (3) a rear yard variance; (4) a lot coverage variance; and (5) a variance to the Ordinance provision allowing a residential garage only upon a parcel of land where a dwelling exists. Appellants Ernest and Helen Mihal, and Thomas and

Mary Ann Mihal appeared as protestors and their attendance was noted of record.[1]

On August 14, 1986, at No. 117-86 of 1986 the Board approved the application as follows:[2]

> Whereas, applicant effected his/her application at a duly advertised, public hearing of the Hazleton Zoning Hearing Board held *July 24, 1986,* at Hazleton City Hall, Church and Green Streets by appearing before the Board in person or through a representative, offering evidence and testimony and answering the questions of the Board; and
>
> Whereas, no persons appeared before the Board of record to protest the granting of the application; and
>
> Whereas, the Board is not required under law to give findings of fact or conclusions of law when and if it grants approval to an application not objected to of record; . . .

The decision was inaccurate and self-contradictory because there were protestors of record. Subsequently the Board mailed a second approval on October 5, 1986.[3] The only difference between the decision mailed August 14, 1986, and the decision or second approval mailed on October 5, 1986, is the deletion of the following phrase from the second approval: "Whereas, no persons appeared before the Board of record to protest the granting of the application . . ."

The trial court recognized that there were two decisions issued but concluded that the appeal period commenced on August 14, 1986, and that the appeal filed

---

[1] Official Record of Hazleton Zoning Board of Adjustment and Appeals, Form for Protestors, pages 8 and 9.

[2] *Id.* Zoning Hearing Board Approval of Application dated August 14, 1986, page 17.

[3] *Id.* at page 5.

on October 16, 1986 was untimely. When no additional testimony is taken by the trial court, our scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Feldman v. Zoning Hearing Board of the City of Pittsburgh,* 89 Pa. Commonwealth Ct. 237, 492 A.2d 468 (1985).

The record of the hearing before the Board is incomplete. There is a record notation by the court reporter that "no testimony was found on the cassette tape. Apparently was erased or wasn't recorded properly."[4] The four page partial transcript that does exist concludes with the chairperson's comment as follows: "I'm going to refrain from voting on this again. Let's have it for our next meeting because I have a little bit more discussion on it."[5] The foregoing speculatively explains why the decision was rendered on August 14, 1986. Also, based upon the record, the protestors and/or their counsel did not appear at that meeting, perhaps leading the Board to incorrectly note there were no protestors, and to conclude, therefore, that no findings of fact or conclusions of law were necessary.

In addition to the irregularities and inadequacies of record, the actions of counsel for the protestors deserve scrutiny. When asked at argument on the Petition to Strike why he did not appeal upon receipt of the August 14, 1986 approval, counsel explained that he wrote the Board members "giving the Board opportunity to write a proper decision, . . . ."[6] Equally puzzling to the court was the second, modified decision dated the same day as the first decision, July 14, 1986, and mailed October 5, 1986.

---

[4] Notes of Testimony (N.T.) Hazleton Zoning Board Hearing of July 24, 1986, N.T. at 2.

[5] N.T. at 4.

[6] N.T. at 5.

Appellants contend the Board failed to comply with Section 908(10) of the Pennsylvania Municipalities Planning Code (Planning Code),[7] 53 P.S. 10908(10)[8] by not delivering a copy of the final decision to the Appellant-protestors who appeared at the July 24, 1986, hearing of the Board. We agree. In *Clemens v. Zoning Hearing Board of Upper Gwynedd Township,* 3 Pa. Commonwealth Ct. 71, 281 A.2d 93 (1971) our Court found a zoning appeal filed 52 days after the date of the Board's decision to be timely where the record did not disclose any notice having been given to the Appellant-protestors or their counsel. In the controversy *sub judice* there were four protestors who appeared at the Board's hearing on July 24, 1986. It is not evident on the protestor's form or elsewhere in the record that these four protestors were represented by counsel. Although there is no indication of record that the protestors testified at the hearing the record does contain a Form for Protestors which bears several of Appellants' handwritten names and addresses.[9]

Section 908(10) of the Planning Code, 53 P.S. §10908(10) requires notice of the decision to be delivered to all other persons who have filed their name

---

[7] The Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11609.

[8] Section 908(10), 53 P.S. §10908(10) provides:
A copy of the final decisions or, where no decision is called for, of the findings shall be delivered to the applicant personally or mailed to him not later than the day following its date. *To all other persons who have filed their name and address with the board not later than the last day of the hearing, the board shall provide by mail or otherwise, brief notice of the decision or findings and a statement of the place at which the full decision or findings may be examined.* (Emphasis added.)

[9] Official Record of Hazleton Zoning Board of Adjustment and Appeals, Form for Protestors pages 8 and 9.

and address with the Board. The Board failed to notify the Appellants whose names and addresses appear on the Form for Protestors. Further, the record does not indicate that Attorney Sidari had entered his appearance on behalf of all protestors before their initial appeal to the trial court. In accordance with *Clemens,* the four protestors who filed their names and addresses with the Board before the final hearing were entitled to notice of the Board's decision. By failing to provide notice to these four protestors pursuant to Section 908(10) of the Planning Code the Board erred as a matter of law. Accordingly the appeal to the trial court was timely filed. The order is vacated and this case is remanded to the trial court for a determination on the merits of the appeal.

## ORDER

Now, August 18, 1988, the order of the trial court is vacated and this matter is hereby remanded for proceedings not inconsistent with this opinion,

Jurisdiction relinquished.

----

CONCURRING OPINION BY JUDGE BARRY:

Although I agree with the majority that this matter must be remanded for a determination of the merits of the appeal, I do so for different reasons.

It does not appear to me from the brief of the appellants that they rely on the argument that their appeal should not have been quashed because a copy of the document dated August 14, 1986 was not mailed to each of them personally but instead was mailed to the attorney who had accompanied them to the hearing on the landowner's application for a use variance and variances from the applicable front yard, side yard, rear yard and lot coverage requirements. Instead it appears that they are arguing that their appeal should not have

been quashed because the document dated August 14, 1986 was defective in that *inter alia,* it did not contain findings of fact and conclusion of law, as required by Section 908(9) of the Municipal Planning Code, 53 P.S. §10908(9), and that, therefore the period for appealing the grant of the variances to the landowner did not begin to run on the date that they received it.

In this Court's decision in *Border v. Zoning Hearing Board of the City of Easton,* 74 Pa. Commonwealth Ct. 638, 460 A.2d 918 (1983) it was observed that the period within which an aggrieved party must appeal an order of a zoning hearing board is governed by Section 5571(b) of the Judicial Code (Code), 42 P.S. §5571(b), which directs that "an appeal from a . . . government unit to a court . . . must be commenced within 30 days *after the entry* of the order from which the appeal is taken" and that Section 5572 of the Code, 43 P.S. §5572 states that "[t]he date of service of an order of a government unit which shall be the date of mailing if service is by mail, shall be deemed to be the *entry* of the order for the purposes of [Subchapter D of Chapter 55 of the Code.] We then went on to hold that the zoning hearing board had entered its order denying the landowner's application for a variance on the date that it had mailed its finding of fact, discussion and conclusions of law—in other words, its formal decision and order—to landowner, and not the date it had mailed a notice which merely informed the landowner of its decision, and contained no findings of fact or conclusions of law.

In the present matter, appellants appeared at a hearing on the landowner's application for the above mentioned variances and voiced their objections to that application. A notice to the Board's decision to grant the landowner a variance was mailed to the attorney who had accompanied them to that hearing. Prior to their appeal of this decision, however, the Board had never

mailed to them or their attorney a formal decision and order which contained findings of fact and conclusions of law made by it. In reviewing the record, it does not appear that such a document was ever submitted, let alone mailed to the appellants. Consequently, for the purposes of the landowner's motion to quash the appellants' appeal to the common pleas court, the period for filing that appeal had not even begun to run at the time it was filed. Thus the order quashing the appellants' appeal was improper.