620 A.2d 680

**James THOMAS, Appellant,**

v.

**CITY OF WILKES-BARRE ZONING HEARING BOARD and JKJ Development Company, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1992.

Decided Jan. 29, 1993.

Brian J. Lenahan, for appellant.

Mark Ciavarelle, for appellees.

Before DOYLE and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

James Thomas appeals from an order of the Court of Common Pleas of Luzerne County granting JKJ Development Company's (JKJ) motion to quash Thomas' appeal from a decision of the Wilkes–Barre Zoning Hearing Board (ZHB). We affirm.

At a public hearing held on July 18, 1990, JKJ specifically requested the ZHB to grant a number of different variances concerning side and rear yard setbacks at a property owned by JKJ. A representative of appellant Thomas was present at the hearing to oppose JKJ's request. The next day, the ZHB notified JKJ that its request for a variance had been granted by issuing a letter to that effect.

On August 17, 1990, Thomas filed a Notice of Appeal from the ZHB's decision at the Prothonotary's office of the Luzerne County Courthouse. The land use appeal process which Thomas is to have followed is set forth in Sections 1001–A

through 1006–A of the Pennsylvania Municipalities Planning Code (MPC),[1] the relevant portions of which provide:

> The procedures set forth in this article shall constitute the exclusive mode for securing review of any decision rendered pursuant to Article IX or deemed to have been made under this act.

Section 1001–A of the MPC, 53 P.S. § 11001–A.

> All appeals from all land use decisions rendered pursuant to Article IX shall be taken to the court of common pleas of the judicial district wherein the land is located and shall be filed within 30 days after entry of the decision....

Section 1002–A of the MPC, 53 P.S. § 11002–A.

> (a) Land use appeals shall be entered as of course by the prothonotary or clerk upon the filing of a land use appeal notice which concisely sets forth the grounds on which the appellant relies. The appeal notice need not be verified. The land use appeal notice shall be accompanied by a true copy thereof.

> (b) Upon filing of a land use appeal, the prothonotary or clerk shall forthwith, as of course, send to the governing body, board or agency whose decision or action has been appealed, by registered or certified mail, the copy of the land use appeal notice, together with a writ of certiorari commanding said governing body, board or agency, within 20 days after receipt thereof, to certify to the court its entire record in the matter in which the land use appeal has been taken, or a true and complete copy thereof, including any transcript of testimony in existence and available to the governing body, board or agency at the time it received the writ of certiorari.

> (c) If the appellant is a person other than the landowner of the land directly involved in the decision or action appealed from, *the appellant, within seven days after the land use appeal is filed, shall serve a true copy of the land use appeal notice by mailing said notice to the landowner or his attorney* at his last known address. For identification of

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 11001–A–11006–A.

such landowner, the appellant may rely upon the record of the municipality and, in the event of good faith mistakes as to such identity, may make such service nunc pro tunc by leave of court.

Section 1003–A of the MPC, 53 P.S. §§ 11003–A(a), (b) and (c). (emphasis added).

However, Thomas improperly captioned his Notice of Appeal as a civil action in equity rather than a land use appeal; consequently, the Prothonotary never entered it in the zoning appeals docket book and failed to send a copy of the appeal notice to the ZHB or issue a writ of certiorari commanding the ZHB to certify its record to the court. 53 P.S. §§ 11003–A(a) and (b).

On August 20, 1990, three days after filing the appeal, Thomas sent a letter to the chairman of the ZHB, with a copy to JKJ's attorney. In this letter, Thomas requested a transcript of the July 18, 1990 hearing, a copy of the ZHB's formal decision regarding JKJ's variance request, and a complete copy of the Wilkes–Barre zoning ordinances. This letter provided the caption and docket number of the appeal but did not include a copy of the Notice of Appeal which Thomas had filed, as required by section 1003–A(c) of the MPC, 53 P.S. § 11003–A(c). Thomas later provided a copy of the Notice of Appeal when he sent a second letter, dated September 26, 1990, to the solicitor for the ZHB, again with a copy to JKJ's attorney. Thus, it was more than 40 days after Thomas' original filing that JKJ was served with a true copy of Thomas' Notice of Appeal.

On April 15, 1991, JKJ was granted leave to intervene and filed preliminary objections in the form of a motion to quash Thomas' Notice of Appeal.[2] Following submission of briefs

---

**2.** JKJ's motion reads as follows:

(1) The appeal of James Thomas, Appellant should be struck because of its lack of conformity to the Pennsylvania rules of civil procedure in that he has not complied with 53 P.S. Section 11003–A(c) in that Appellant has failed to serve the landowner, JKJ Development Company a true copy of the land use appeal notice within seven days after the land use appeal was filed. Such notice was not

and oral argument on the matter, the trial court granted JKJ's motion and quashed Thomas' appeal. First, the trial court determined that Thomas improperly captioned his land use appeal as an action in equity, obviating the MPC's certiorari and notice requirements and preventing the appeal from being properly docketed. Second, the trial court held that Thomas failed to properly and timely notify JKJ of the filing of the appeal, in violation of section 1003-A(c) of the MPC. The trial court reasoned that where the right to appeal is statutory, the appellant must act in strict accordance with government legislation. *King Productions, Inc. v. Board of Adjustment of the City of Pittsburgh*, 27 Pa.Commonwealth Ct. 256, 367 A.2d 322 (1976).[3] Thus, Thomas' failure to strictly comply with all procedural and time requirements justified quashing his zoning appeal. *Ottaviano v. Society Hills Civic Association*, 73 Pa.Commonwealth Ct. 307, 457 A.2d 1041 (1983).

On appeal, Thomas argues that the trial court erred in concluding that his appeal should be quashed for failing to adhere strictly to procedural and time requirements; rather, Thomas claims that he had complied completely with the prescribed requirements of the land use appeal process. Thomas contends that he filed an appropriate and timely appeal pursuant to section 1002-A of the MPC, 53 P.S. § 11002-A, in that he filed his appeal in the Court of Common

received by the landowner or his attorney until approximately forty-five days after the land use appeal was filed.

(2) The Appellant has improperly filed its land use appeal with the Prothonotary of Luzerne County in that it was not filed as a zoning appeal; rather, it was filed as an action in equity thereby obviating the requirements in 53 P.S. Section 11003-A(A)(B). [sic] Proper procedure would have required the prothonotary as of course to send to the public agency a Writ of Certiorari. Consequently, Appellants failure to properly docket and caption said appeal does not conform to rules of court.

(R.R. at 22a.)

3. Thomas contends that the trial court erred by misapplying *King Productions* to this case to determine that Thomas had not undertaken all appropriate appeal procedures in this matter. We find Thomas' argument without merit. The trial court cited *King Productions* merely to present the general legal proposition that statutory appeals must be strictly construed, a statement equally applicable here, and did not otherwise attempt to analogize the cases.

Pleas of Luzerne County, where the land was located, within 30 days after the ZHB rendered its decision. Further, Thomas argues that the appeal was filed with the Prothonotary of the Luzerne County Court with an appeal notice that concisely set forth the grounds on which he sought relief, as required by section 1003–A(a) of the MPC, 53 P.S. § 11003–A(a).[4] Finally, Thomas asserts that he satisfied the notice requirement of section 1003–A(c) of the MPC, 53 P.S. § 11003–A(c) well within the established seven-day deadline, forwarding such notice through his communication of August 20, 1990. We disagree.

Here, Thomas incorrectly captioned his appeal of the ZHB decision as a civil action in equity. Further, the correspondence reflected in the August 20, 1990 letter obviously does not satisfy the MPC requirements. Although Thomas claims to have sent proper notification by his August 20, 1990 communication, he merely forwarded a "cover letter" without a copy of the Notice of Appeal. That this omission may have been inadvertent,[5] does not alter the fact that the notice sent was defective.

▮ We have determined previously that failure to serve notice to a landowner within seven days should not be the basis for dismissing an appeal where there is no allegation that the delay in giving notice resulted in any prejudice to the landowner. *Taylor v. Zoning Hearing Board of the Borough of Lincoln*, 46 Pa.Commonwealth Ct. 644, 407 A.2d 910 (1979); *Northampton Residents Association v. Northampton Town-*

4.  Thomas argues that his filing was in strict conformity with the MPC's requirements, and it was the Prothonotary who failed to issue the appropriate writ of certiorari. Thomas asserts that this failure of the Prothonotary cannot be held against him through the quashing of his appeal. However, although noting the improper caption, JKJ did not focus its argument on the filing of the notice of appeal, and in fact, conceded that the appeal was timely filed. Instead, JKJ argued that the notice sent on August 20, 1990 was defective because it did not include a true copy of the Notice of Appeal as statutorily required. (Transcript of Oral Argument at 2–6).

5.  At oral argument, Thomas' attorney stated that it was his understanding that his secretary had included the notice of appeal with the cover letter, and that when its omission was brought to his attention, he sent the document in his September 26, 1990 letter.

*ship Board of Supervisors,* 14 Pa.Commonwealth Ct. 515, 322 A.2d 787 (1974). However, that is not the situation here, where JKJ already had spent considerable money renovating its property on the assumption that its variance had not been properly contested.[6] Under these circumstances, no leniency is warranted and, therefore, the trial court did not err in quashing Thomas' appeal. *See Ottaviano.*

Accordingly, finding no error of law, we must affirm the trial court's order.

## ORDER

AND NOW, this 29th day of January, 1993, the order of the Court of Common Pleas of Luzerne County, dated November 1, 1991, is affirmed.

---

**6.** After the expiration of the 30–day period allowed for appeal, JKJ's contractor began renovations on the property and had completed a sizable and costly portion of the work when JKJ finally received Thomas' Notice of Appeal. Thomas does not dispute the fact that JKJ proceeded with its construction but claims that it did so not based on lack of notice but rather despite proper notice. Because we have determined that the omission of a copy of the Notice of Appeal made the notice technically deficient, we must decline to accept this argument.