**John F. RUF and Susanne Ruf**

v.

**BUCKINGHAM TOWNSHIP,**
Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 2000.
Decided Jan. 11, 2001.

Craig A. Smith, Newtown, for appellant.

William E. Benner, Doylestown, for appellees.

Before COLINS, Judge, SMITH, Judge and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Buckingham Township (Township) appeals from an order of the Court of Common Pleas of Bucks County that reversed the decision of the Township Board of Supervisors (Board) rejecting the revised subdivision plan submitted by John F. and Susanne Ruf. We affirm.

The Rufs are the owners of a 5.04–acre parcel of land (subject property) located in the Township's AG–1 Agricultural zoning district, in which a detached single-family dwelling is permitted by right under Section 501.A of the Township Zoning Ordinance (Zoning Ordinance). On May 19, 1994, the Rufs obtained a building permit to construct a detached single-family residence on the subject property. On May 17, 1995, the Rufs submitted a subdivision plan with the Township, proposing to subdivide the 5.04–acre parcel into two lots: a 2.623–acre lot for their residence under construction (Lot No. 1), and a 2.421–acre lot for another detached single-family dwelling (Lot No. 2).

The following facts presented at hearings are undisputed. The subject property has a 500–foot frontage on the east side of Holicong Road, a 10 to 18 foot wide macadam road without shoulders, sidewalks or curbs, which extends up to the top of Buckingham Mountain and down to the other side of the mountain. The width of Holicong Road along the frontage of the Rufs' property is 10 to 14 feet. In the 0.9–mile stretch of Holicong Road between Lower Mountain Road and Upper Mountain Road, there are only two homes including the Rufs' residence on the subject property. There are several homes on the top of Buckingham Mountain along a private unpaved road.

The Board rejected the Rufs' initial subdivision plan for their failure to meet (1) the natural resource protection standards under the Zoning Ordinance and (2) certain requirements under the Township Subdivision and Land Development Ordinance (Subdivision Ordinance). The Rufs appealed the Board's decision to the trial court, but later discontinued the appeal after the Township agreed to permit them to revise the subdivision plan. The Rufs thereafter submitted a revised subdivision plan and requested waivers from five provisions of the Subdivision Ordinance. The Board rejected the revised subdivision plan. On appeal, the trial court remanded to the Board, directing the Board to make a stenographic record and consider the Rufs' request for waivers.

After hearings held on remand, the Board again rejected the revised subdivision plan. The Board denied the request for waivers from the following provisions of the Subdivision Ordinance: (1) Section 9.7.C.7, requiring an applicant to widen a roadway fronting the property to be subdivided to 24 feet; and (2) Section 9.23.C.2.a, requiring at least 75% reduction of storm

water runoff.[1] The Board also found that the revised subdivision plan failed to comply with the natural resource protection standards set forth in Section 3101.A.1 and 2 of the Zoning Ordinance. After subsequent review of the record, the trial court reversed the Board's decision.

■ The Township first contends that the Board did not abuse its discretion in refusing to grant the Rufs' request for waivers from the road widening and stormwater control requirements under Sections 9.7.C.7 and 9.23.C.2.a of the Subdivision Ordinance.[2]

Section 512.1(a) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* added by Section 40 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10512.1(a), provides:

> (a) The governing body or the planning agency, if authorized to approve applications within the subdivision and land development ordinance, may grant a modification of the requirements of one or more provisions if the literal enforcement will exact undue hardship because of peculiar conditions pertaining to the land in question, provided that such modification will not be contrary to the public interest and that the purpose and intent of the ordinance is observed.

■ To support the request for waivers, the Rufs presented the following evidence. The area of Holicong Road along the Rufs' property is on the steep slope of Buckingham Mountain containing solid rocks. Thus, blasting of the rocky composition of the mountain would be required to widen

Holicong Road to 24 feet along the 500 foot frontage of the subject property. To widen Holicong Road complying with Section 9.7.C.7 of the Subdivision Ordinance, the Rufs would have to provide a 50 foot wide flat area to accommodate a right-of-way.

In a memorandum dated June 26, 1995 and sent to the Township civil engineer, Ernest Knight, the Township Public Works Director, Donald G. Naylor stated: "Proper road widening may not be feasible to do along the entire property length because of the existing conditions and cost factor, but the area along the curve where the proposed driveway is located should be taken into consideration for possible widening."

In a letter dated July 19, 1996, the Township civil engineer advised the Township manager:

> In correspondence with Donald Naylor, Buckingham Township Public Works Director, it is our understanding that the Township wishes to have the Applicant install a 'slotted culvert pipe' at both the existing and proposed driveway entrances. The stormwater runoff from the proposed impervious surfaces (dwelling unit, driveway, etc.) could be channeled to the 'slotted culvert' and then directed into a roadside swale. The roadside swale could then be improved to a natural outfall. This would greatly improve the stormwater management system in the area and, therefore, support a request for a waiver of Section 9.23.C.2.a.

---

1. In its decision, the Board did not expressly reject, and thereby implicitly granted, the Rufs' request for waivers from (1) Section 9.4.E, requiring that side lot lines be substantially at right angles; (2) Section 9.10.D, prohibiting access from a major collector roadway; and (3) Section 9.18.A, requiring curbs and sidewalks.

2. This Court's scope of review in a land use appeal, where, as here, the trial court did not take additional evidence, is limited to determining whether the governing body commit-

ted an error of law or abused its discretion. *Herr v. Lancaster County Planning Commission,* 155 Pa.Cmwlth. 379, 625 A.2d 164 (Pa. Cmwlth.1993), *appeal denied,* 538 Pa. 677, 649 A.2d 677 (1994). The governing body abuses its discretion when its findings are not supported by substantial evidence, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Ass'n v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

In seeking the waivers from Sections 9.7.C.7 and 9.23.C.2.a, the Rufs proposed to widen Holicong Road to 12½ feet from its center line along the 75–foot portion of the property frontage, regrade the roadside swale, and install slotted metal culvert pipes to control the surface water runoff, as recommended by the Township civil engineer and Public Works Director. The Rufs' civil engineer, James Ceglia, testified that the Township civil engineer indicated that the proposed stormwater management plan would be acceptable, if there would be an "insignificant increase" in surface water runoff resulting from construction of an additional dwelling on Lot No. 2, i.e., an increase of approximately one cubic foot of water runoff per second. August 27, 1997 Hearing, N.T., p. 49. Ceglia estimated that there would be a net increase of 0.7 cubic foot of water runoff per second.

The Township civil engineer testified that the Rufs' entire tract is covered by trees and slopes greater than 25% and that the revised subdivision plan met the natural resource protection standards under the Zoning Ordinance limiting development of steep slope areas. He also stated that it is very doubtful that Holicong Road may be widened and improved complying with Section 9.7.C.7 of the Subdivision Ordinance without violating the natural resource protection standards. He estimated the cost for widening and improving Holicong Road along the frontage of the subject property would be $45,064. John Dura, who prepared the revised subdivision plan, testified that if blasting is involved, the cost for widening and improving Holicong Road would double or triple that amount.

In deciding whether to grant a modification pursuant to Section 512.1(a) of the MPC, "[the governing body's] duty is to actively oppose schemes of development unreasonably proposed and conceived, but likewise, [its] duty is to sanction well planned development." *Raum v.* *Board of Supervisors of Tredyffrin Township,* 29 Pa.Cmwlth. 9, 370 A.2d 777, 781 (1976). Further, where literal enforcement of a requirement under the subdivision and land development ordinance will frustrate the effect of the improvements designed to implement other requirements, grant of a waiver is proper under Section 512.1(a) of the MPC. *Levin v. Township of Radnor,* 681 A.2d 860 (Pa. Cmwlth.1996).

In refusing to grant the requested waivers, the Board totally disregarded the recommendations of the Township civil engineer and Public Works Director who considered the peculiar physical conditions of the subject property. The overwhelming, undisputed evidence in the record establishes that due to the unique topography of the property located on the steep slope of the mountain, the Rufs cannot comply with the road widening and stormwater control requirements without violating the natural resource protection standards set forth in the Zoning Ordinance. Given the unique physical condition of the Rufs' property and the costs involved, literal enforcement of the road widening and stormwater control requirements would be unreasonable and cause undue hardship.

Further, the Township does not dispute that no other property owners have been required to widen or improve Holicong Road along the frontage of their properties. As the Township civil engineer testified, an additional single-family dwelling in the minimally developed area will not have such an impact to warrant widening of Holicong Road along the entire frontage of the Rufs' property, and the proposed subdivision design will greatly improve the stormwater management system. The Rufs therefore established that grant of the requested waivers will serve the purpose and intent of the Subdivision Ordinance and will not be contrary to the public interest.[3]

3. Under Section 503(2)(ii) of the MPC, 53 P.S. § 10503(2)(ii), a municipality may require

Hence, we conclude that the Board abused its discretion in refusing to grant the requested waivers from Sections 9.7.C.7 and 9.23.C.2.a of the Subdivision Ordinance pursuant to Section 512.1(a) of the MPC.

■ The Township next contends that the record supports the Board's finding that the Rufs failed to comply with Section 3101A.1 and 2 of the Zoning Ordinance. Under Section 3101.A.1, a lot for a single-family dwelling in AG–1Agricultural zoning district must have a contiguous buildable area of at least 8500 square feet "to provide sufficient area for the location of the building, driveway, parking areas, patios, other improvements and site alterations while meeting the natural resource protection standards and minimum setback requirements." Section 3101.A.2. requires that at least 3000 square feet, not including natural features with a 100% protection standard, be identified for the location of on-lot sewage systems.

To support its contention, the Township relies on the testimony of its land planner, Lynn Froelich, that the Rufs failed to identify at least 8500 square feet of a contiguous building area and 3000 square feet of an area for an on-lot sewage system in the revised subdivision plan.

However, Section 3101 only requires the applicant to indicate the existence of a minimum building area outside the natural resource protection area or provide sufficient information necessary for a determination of whether the minimum building area can be achieved without violating the natural resource protection standards.[4] The Township does not dispute the testimony of the Ruf's civil engineer, John Dura, that the revised subdivision plan showed the buildable areas of 10,222 square feet for Lot No. 1 and 8,572 square

---

that "streets in and bordering a subdivision on all land development...be coordinated, and be of such widths and grades and in such locations as deemed necessary to accommodate prospective traffic, and facilitate fire protection." However, the municipality may not impose such requirement on the property owner where, as here, literal enforcement is unreasonable and cause undue hardship. Sections 503(8) and 512.1(a) of the MPC. The Township's counsel elicited the following testimony during cross-examination of the Rufs' civil engineer:

Q. Now, Mr. Dura, do you understand that municipalities generally have one change every several hundred years to get roads widened, and that that change occurs when somebody comes in with a subdivision plan?
A. I understand that.
Q. And do you understand that if this subdivision were approved there would be some 500 feet of Holicong Road that probably would not be back before this township for a century or so. Do you believe that?
A. Yes, I do.
Q. That this is the only chance really that a municipality gets to try to improve a road that is only, in this case, 12 feet wide. Do you understand that?
A. Yes, I do.
Q. Unless, of course, all the taxpayers pitch in to fix the road. You've seen that happen; haven't you?
A. Yes, I have.

August 27, 1997 Hearing, N.T., pp. 44–45. We agree with the observation of the trial judge, the Honorable Michael J. Kane, in his well-reasoned opinion that "we are troubled by this testimony which indicates more of a desire for a free ride on the back of a landowner than a compulsion to maintain literal compliance with [the requirement] which is clearly unduly harsh and burdensome given the natural composition of the property and the neighboring area." Slip op. at 6.

4. Section 3101 provides:

In order to meet the natural resource protection standards of Section 3100 B., the applicant shall provide the following information with applications for a zoning permit or building permit. Where subdivision and land development approval is requested, the applicant shall provide the information necessary to ensure that each proposed lot is buildable under the terms of this Ordinance by indicating that a minimum building area free of resource-restricted lands exists for each proposed lot or by providing sufficient information for the Planning Commission and Board of Supervisors to determine that the minimum building area can be achieved for each proposed lot without violating the resource protection standards for the entire site.

feet for Lot No. 2, and an on-lot sewage system area of 3000 square feet. Dura testified:

> Q. In your opinion does the plan illustrate compliance with Section 3101 of the Zoning Ordinance?
>
> A. It illustrates compliance except for the fact that may be we should show an area of 3,000 square feet outside of the building envelope for the septic system.
>
> Q. Is that something that is simply a minor drafting matter?
>
> A. Yes. It can be done. It's there. The area is there.

August 27, 1997 Hearing, N.T., pp. 25–26. Moreover, the Township civil engineer clearly testified that his calculations based on the information contained in the revised subdivision plan indicated the Rufs' compliance with the natural resource protection standards.[5]

Thus, the record established that the Rufs complied with Section 3101A.1 and 2 of the Zoning Ordinance by providing the Board with "sufficient information" regarding the availability of the minimum buildable area and the area for an on-lot sewage system.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 11th day of January, 2001, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.

---

[5]. The Township's land planner, Froelich, also testified that the Rufs' proposal would disturb approximately 40.7% of the 8 to 15% grade steep slopes in violation of Section 3100.B.3 of the Zoning Ordinance, which prohibits disturbance of more than 40% of such area. However, she later indicated only that "it would be difficult for the Rufs to comply with the natural resource protection standard."

September 24, 1997 Hearing, N.T., p. 9. In light of the Township civil engineer's clear testimony regarding the Rufs' compliance with the natural resource protection standards and the undisputed information set forth in the revised subdivision plan, Froelich's testimony does not provide a support for the Board's finding.