Robert BOERNER

v.

HAZLE TOWNSHIP ZONING HEARING BOARD.

Appeal of John J. Mandzak and Daniel "Danny" Dixon.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 9, 2004.

Decided March 2, 2004.

Gino L. Andreuzzi, Drums, for appellants.

Joseph R. Ferdinand, Hazleton, for appellee, Hazle Township Zoning Hearing Board.

John P. Rodgers, Wilkes–Barre, for appellee, R. Boerner.

BEFORE: COLINS, President Judge, SIMPSON, J., and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

John J. Mandzak and Daniel Dixon (Objectors) appeal from the January 2, 2003 order of the Court of Common Pleas of Luzerne County (trial court) denying Objectors standing to intervene in the land use appeal of Robert Boerner (Boerner). The trial court had sustained Boerner's appeal of the June 3, 2002 decision of the

Hazle Township Zoning Hearing Board (Board) that denied his request for a variance. We affirm.

Boerner entered into an agreement of sale with Thomas and Patricia Schiefer for the purchase of property located north of Route 940 in Hazle Township, subject to Boerner obtaining a variance. Accordingly, Boerner applied to the Board for a variance to construct a 40 × 60 foot commercial garage on the property, which is located in a Residential 1(R–1) Zone.[1]

The Board held a hearing on May 6, 2002, at which time Zoning Hearing Officer Thomas Bast presented the Board with Boerner's application, photographs of the neighborhood and a public notice of the hearing. Bast also testified that the adjacent properties are commercial in nature.

Boerner's brother, Alan, testified that he and his brother planned construction of a 40 × 60 foot wooden pole building for light mechanical work to be done primarily on their own vehicles. Alan further stated that he wished to amend the application for a variance to include the sale of automobiles on the site. He stated that other commercial enterprises surrounded the property and that, therefore, their proposed use was in line with the adjacent properties. Finally, Boerner testified that although there is nothing that would prohibit using the property residentially, he would not do so.

Objectors testified that despite the fact that there are some commercial enterprises in the area, it remains essentially residential. Both Objectors operate commercial businesses from their residential properties, but would like to keep the area residential.

Based upon the testimony provided, the Board concluded that Boerner had not satisfied the requirements of Section 8.44 of the Ordinance, which is identical to the language found in Section 910.2 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2. Consequently, the Board denied Boerner's application for a variance.

On July 2, 2002, Boerner appealed to the trial court. The court scheduled a hearing on Boerner's appeal for December 16, 2002. At that time, Boerner's counsel and counsel for the Board appeared and argued their respective positions to the trial court. In an order dated January 2, 2003, the trial court granted Boerner's appeal thereby allowing the variance.

On January 31, 2003, Objectors simultaneously filed a notice of appeal of the trial court's order to this Court and a petition to intervene in the proceedings before the trial court. The trial court summarily denied the petition to intervene.

On March 18, 2003, Boerner filed a motion to quash the appeal before the Commonwealth Court, alleging that Objectors lacked standing to appeal inasmuch as they had not intervened in the trial court proceedings. By order dated April 2, 2003, Senior Judge Kelley issued an order quashing Objectors' appeal on the ground that they had not participated in the proceedings at the trial court level. However, upon reargument, we vacated the April 2,

1.  Section 4.02 of the Hazle Township Zoning Ordinance (Ordinance) provides for the following permitted uses in an R 1 Zone: one-family detached dwellings, utilities (except building and storage yards), and accessory uses thereto. Permitted uses include: public uses (except storage yards), semi-public uses, private recreational facilities, home occupations, professional offices, branch telephone exchanges, cemetery extensions, and accessory uses to the aforementioned.

2003 order and scheduled argument on the motion to quash.

As a result of the argument on the motion to quash, the undersigned filed an order on June 10, 2003, concluding that Objectors had demonstrated that they had standing to challenge the trial court's January 31, 2003 order denying their petition to intervene and that they had preserved the issue for appellate review. Hence, the matter was remanded to the trial court for an opinion in support of its January 2, 2003 order granting Boerner's appeal and its January 31, 2003 denial of Objectors' petition to intervene.

The trial court so complied and the appeal is now ripe for disposition. Objectors claim that the trial court (1) erred in denying their petition to intervene and (2), committed an abuse of discretion where the Board's decision to deny Boerner's application for a use variance was supported by the evidence. Where, as here, the trial court takes no additional evidence, we are limited to determining whether the zoning board's decision is supported by substantial evidence, or whether the governing body abused its discretion or committed an error of law. *Ruf v. Buckingham Tp.*, 765 A.2d 1166 (Pa.Cmwlth.2001).

Initially, Objectors maintain that this Court's June 10, 2003 order granted them standing in the present appeal and that, therefore, the trial court erred in failing to recognize our order. Objectors do not otherwise address the merits of their position.

A careful reading of our order, however, reveals that the only issue we determined was whether Objectors had standing to challenge the trial court's *January 31, 2003* order denying their petition to intervene. Thus, the trial court was correct in addressing Objectors' standing to appeal its January 2, 2003 order granting Boerner's appeal.

Section 1004–A of the MPC, added by the Act of December 21, 1988, P.L. 1339, 53 P.S. § 11004–A, provides that within 30 days of the filing of a land use appeal, a municipality or the owner or tenant of property directly involved in the action appealed may intervene as of course by filing a notice of intervention, upon service of said notice to appellant and/or his counsel. Otherwise, intervention is governed by the Pennsylvania Rules of Civil Procedure. 53 P.S. § 11004–A.

Pennsylvania Rule of Civil Procedure 2327 provides as follows:

> At any time *during the pendency* of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> . . .
>
> (3) such person could have joined as an original party in the action or could have been joined therein.... (Emphasis added.)

In their Petition to Intervene, Objectors alleged that

> 5. [Objectors] fully participated in the [Board's] hearing, as documented in the filed transcript of the record proceedings. Those pages from the transcript are attached hereto and made a part hereof as Exhibits C and D....
>
> 6. In the proceedings before the [Board, Objectors] signed and placed their addresses on the Board's protest sheet as requested. The protestor sheet was not filed as part of this record.
>
> 7. *As protestors and participants in the [Board] proceedings [Objectors] were entitled to notice of the land use appeal when the appeal was filed of record.* [Section 908(10) of the MPC, 53 P.S. § 10908(10).] This notice and service never occurred, and as a consequence [Objectors] were not aware of

the appeal proceedings before the court, and were denied their right to intervene and participate in the appeal. (Emphasis added.)

■ Contrary to Objectors' observations, Section 908(10) of the MPC does not require that they be afforded notice of *Boerner's appeal*. Rather, Section 908(10) only requires that notice of the *Board's decision* must be given to those participants who have filed their names and addresses with the Board. There is no affirmative duty on the Board under the MPC to notify participants of a landowner's appeal of a Board decision.

■ Section 1003–A(a) of the MPC[2] provides that upon the filing of a land use appeal, the prothonotary for the court of common pleas must send to the governing body whose decision or action is being appealed a copy of the land use appeal notice, along with a writ of certiorari ordering the governing body to certify its record of the matter at issue. Subsection (c) further states that if the appellant is someone other than the landowner, notice of the appeal must be given to the landowner or his attorney. Section 1003–A(c) of the MPC, 53 P.S. § 11003–A(c). There are no other provisions under the MPC regarding notice of the filing of a land use appeal.

At oral argument on Boerner's motion to quash the instant appeal, Objectors relied on *Mihal v. Zoning Bd. of the City of Hazleton*, 118 Pa.Cmwlth. 613, 545 A.2d 1002 (1988); however, we now conclude that *Mihal* does not apply to the present situation. In *Mihal*, four protestors appeared at a zoning hearing board meeting in opposition to an applicant's request for five variances. The zoning hearing board approved the applications on August 14, 1986, stating that the hearing had occurred on July 24, 1986 and that no protestors had appeared in opposition to the requested variances. An amended decision followed on October 5, 1986, wherein the zoning hearing board deleted the reference to the lack of protestors.

The protestors appealed to the court of common pleas. The court concluded that although there were two decisions issued, the appeal period expired on August 14, 1986 and that, therefore, the protestors' October 16, 1986 appeal was untimely.

In reversing the court of common pleas' decision in *Mihal*, we noted several irregularities in the proceedings. First, the record before the zoning hearing board was incomplete as evidenced by gaps in the transcript. Secondly, the record did not evidence that the protestors had attended the zoning board hearing although their attendance was noted on the official form for protestors. Finally, we noted that the protestors did not receive a copy of the zoning hearing board's decision as required by Section 908(10) of the MPC. Because the protestors had attended the meeting and had their attendance made part of the record, they were entitled to notice of the zoning hearing board's decision.

Unlike the applicant in *Mihal*, Boerner was not successful at the Board meeting. Thus, assuming *arguendo* that Objectors did not receive notice of the *Board's* decision[3] they would not have been able to

---

2. 53 P.S. § 11003–A(b). Section 1003–A was added by the Act of December 21, 1988, P.L. 1329.

3. To reiterate, Objectors averred in their petition to intervene that they did not receive notice of Boerner's land use appeal, not that they did not receive notice of the Board's decision denying Boerner's application for a variance.

appeal a decision rendered essentially in their favor. *See Appeal of Foltz*, 22 Pa. Cmwlth. 562, 349 A.2d 918 (1976) (landowner could not file a precautionary appeal where the landowner was not aggrieved by the zoning hearing board's decision).

Objectors similarly relied on *Thomas v. Wilkes–Barre Zoning Hearing Bd.*, 153 Pa.Cmwlth. 196, 620 A.2d 680 (1993). In that case, Thomas had filed an appeal of the zoning hearing board's determination that landowner was entitled to side and rear yard variances. When filing his appeal, Thomas filed it as a civil action in equity rather than a land use appeal. As a result, the prothonotary never entered it on the zoning appeals docket book and failed to send a copy to the zoning hearing board. Although Thomas had sent letters to the chairman of the zoning hearing board requesting a copy of the hearing transcript and had copied the letters to the landowner's attorney, Thomas failed to include a copy of the notice of appeal until he sent a second set of letters to both gentlemen. This occurred over a month after Thomas had filed his notice of appeal.

The landowner intervened and filed preliminary objections in the nature of a motion to quash Thomas's appeal. The motion was granted and Thomas appealed to this Court. We concluded that because Thomas incorrectly captioned his appeal, the requirements of the MPC were not met and that his failure to include a notice of appeal to landowner's counsel, although possibly inadvertent, did not alter the fact that service was defective because it was outside the seven-day time period prescribed by Section 1003–A(c).

In the present matter, there are no apparent irregularities related to Boerner's filing of his notice of appeal. The Luzerne County Court of Common Pleas docket sheet clearly indicates that Boerner's appeal was filed as a land use appeal. More-over, a writ of certiorari was issued by the prothonotary and signed by the trial court on July 2, 2002. The Board promptly remitted its record to the trial court on August 21, 2002. Since there are no apparent irregularities in the docketing of Boerner's appeal and Objectors, although espousing that argument in defending against Boerner's prior motion to quash the appeal, have not addressed the issue in their appellate brief to this Court, we conclude that *Thomas* is inapplicable to the matter *sub judice*.

Accordingly, where Objectors' petition to intervene was not timely filed, *i.e.*, it was filed after the trial court disposed of Boerner's appeal, we conclude that the trial court did not err in denying their petition to intervene. Consequently, Objectors lack standing in the present appeal. The order of the trial court is therefore affirmed.

### ORDER

AND NOW, this 2nd day of March, 2004, the January 2, 2003 order of the Court of Common Pleas of Luzerne County is AFFIRMED.